**Joseph F. LAFFEY, Appellant**

v.

**United States Marshal James PLOUSIS, In His Individual Capacity; Hansel S. Torriero; Chief Marshal Donald Rackley, In His Individual Capacity; *MVM, Inc.**

***MVM, INC. dismissed pursuant to FRAP 42(b).**

No. 08–1936.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 5, 2010.

Filed: Feb. 12, 2010.

Peter H. Demkovitz, Esq., Markowitz & Richman, Philadelphia, PA, for Appellant.

Jason M. Branciforte, Esq., Katherine A. Goetzl, Esq., Littler Mendelson, Washington, DC, Hansel S. Torriero, Vineland, NJ, Colette R. Buchanan, Esq., Office of United States Attorney, Newark, NJ, for Defendants.

Before: McKEE, HARDIMAN, Circuit Judges, and DAVIS *, District Judge.

## OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Joseph F. Laffey appeals the judgment of the District Court (1) dismissing his

* The Honorable Legrome D. Davis, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and (2) denying his motion for leave to amend complaint. We will affirm.

## I.

Because we write exclusively for the parties, we recount only the facts necessary to our decision. We accept Laffey's well-pleaded facts as true following the District Court's dismissal of his case.

Laffey has served as a Court Security Officer (CSO) assigned to the United States Courthouse in Camden, New Jersey since 1988 and is employed by MVM, Inc. (MVM), a private company working under contract with the United States Marshals Service (Marshals Service) to provide security in the District of New Jersey. From June 2002 until February 2005, Laffey served as the Lead Court Security Officer (LCSO) in Camden. In conjunction with his CSO duties, Laffey has served since 2003 as President of the Security Officers, Police and Guards Union, Local No. 1536 (Union), which represents CSOs assigned to the federal courts in New Jersey.

In 2003, Hansel Torriero, a CSO serving at the United States Courthouse in Newark, New Jersey, requested that MVM transfer him to Camden. Laffey opposed the transfer in his capacity as President of the Union, arguing that Torriero lacked the necessary seniority to qualify for the transfer under the collective bargaining agreement (CBA) between the Union and MVM. After Torriero was denied a transfer, he sued Laffey, MVM, and the Union.

Following his opposition to Torriero's transfer request, Laffey alleged that MVM and the Marshals Service harassed and retaliated against him. According to Laffey, he was told that the Deputy Chief United States Marshal for the District of New Jersey, Donald Rackley, wanted Torriero to work in Camden, blamed Laffey for blocking the transfer, and instructed Laffey's supervisor "to do something about Officer Laffey or have something done to him." In November 2004, Laffey allegedly was told that "things would get worse and worse until" Rackley, James Plousis (the United States Marshal for the District of New Jersey), and MVM "get you." Laffey also alleged that James Elcik, a Marshals Service employee who liaised with MVM, told him that Rackley was "upset with him because he would not allow Torriero to transfer." Finally, Laffey claimed that in the fall of 2004, Elcik criticized him for mishandling CSO time sheets and told him not to attend security meetings at the Camden courthouse.

In January 2005, Plousis allegedly asked Elcik: "what are we going to do now" about punishing Laffey? Laffey also alleged that MVM investigated Laffey's performance at the request of the Marshals Service in early January 2005. According to Laffey, "most" of the charges against him were "not sustained." Laffey concludes that this campaign of retaliation resulted in his suspension without pay for over two weeks in January 2005 and his removal from the LCSO position by MVM in February 2005.

Laffey sued Plousis, Rackley, and Torriero in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that they violated his First Amendment rights to freedom of speech and freedom of association by "interfering with his employment" in retaliation for his opposition to Torriero's transfer. Plousis and Rackley, joined by Torriero, filed a motion to dismiss, contending that Laffey's complaint failed to state a claim for relief. On June 29, 2007—over two years after filing suit—Laffey sought leave to amend his complaint to add Elcik as a defendant and to allege that he had been denied

promotion to the LCSO position in 2006 in retaliation for his prior conduct.

The District Court granted the motion to dismiss, finding that Laffey's complaint failed to allege that Plousis, Rackley, Torriero, or any Marshals Service employee either was directly involved in Laffey's suspension and demotion or had the ability to control or influence disciplinary actions taken by MVM. Laffey's motion to amend complaint was likewise denied.

## II.

Laffey appeals the District Court's dismissal of his complaint and the denial of his motion for leave to amend.[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a District Court's decision granting a motion to dismiss pursuant to Rule 12(b)(6). *Ballentine v. United States,* 486 F.3d 806, 808 (3d Cir.2007). Our review of the denial of Laffey's motion for leave to amend is for abuse of discretion. *Bechtel v. Robinson,* 886 F.2d 644, 647 (3d Cir. 1989).

## III.

### A.

*Bivens* authorizes a private cause of action for damages to redress an alleged deprivation of a federal constitutional right caused by an official acting under color of federal law.[2] *See Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15

(1980). In dismissing Laffey's First Amendment claim, the District Court held that Laffey's complaint failed to allege that Plousis, Rackley, or any other Marshals Service employee was "directly involved in the suspension or demotion of" Laffey or that any Marshals Service employee "had any control over the disciplinary actions executed by MVM against CSOs." Accordingly, Laffey failed to allege that any deprivation of his constitutional rights was caused by a defendant acting under color of federal law.

Laffey now contends that this was error, arguing that the complaint "clearly avers that MVM took actions at the direction and instigation of [Marshals Service employees]." We are unpersuaded that Laffey's complaint is quite so clear. As the District Court observed, Laffey did not allege any specific facts which identify any employee of the Marshals Service who was directly involved in Laffey's demotion or suspension. Nor did he allege that Plousis, Rackley, or Elcik were able to intervene in MVM's internal disciplinary proceedings. "Because vicarious liability is inapplicable to *Bivens* ... suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 129 S.Ct. at 1948. Here, the complaint did not allege that the individual defendants were personally and directly involved in any retaliatory employment ac-

1. Laffey settled his claims against MVM and its individual employees. Accordingly, we consider only the dismissal of Laffey's claims against the individual Marshals Service defendants, Rackley and Plousis, as well as the District Court's refusal to allow Laffey to add a claim against Elcik.

2. We note that the Supreme Court has "declined to extend *Bivens* to a claim sounding in the First Amendment." *See Ashcroft v. Iqbal,* — U.S. —, —, 129 S.Ct. 1937,

1948, 173 L.Ed.2d 868 (2009) (citing *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). Because Laffey's complaint fails on other grounds, we assume for the purposes of analysis—as did the Supreme Court in *Iqbal*—that a First Amendment claim is cognizable under *Bivens. Id.* ("[W]e assume, without deciding, that respondent's First Amendment claim is actionable under *Bivens.*"). We also assume without deciding that Laffey's speech was protected by the First Amendment.

tions taken against Laffey, as *Iqbal* requires. *See id.*

Laffey did allege that Plousis and Rackley were displeased with his opposition to Torriero's transfer request and that they told Laffey's supervisor to "do something" to or about Laffey. He also alleged that Elcik criticized his handling of CSO time sheets and prevented him from attending courthouse security meetings. Such allegations are consistent with a conclusion that Plousis, Rackley, and Elcik sought to retaliate against Laffey. But *Iqbal* makes clear that allegations that are "merely consistent with" liability are insufficient to "state a claim for relief that is plausible on its face" in a *Bivens* action. *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Under this standard, Laffey's complaint is deficient because it fails to allege specific facts suggesting that Plousis, Rackley, and Elcik actually did— or even could—personally intervene to cause MVM to discipline Laffey in violation of his First Amendment rights.

Laffey relies heavily on our decision in *Wilson v. MVM, Inc.*, 475 F.3d 166 (3d Cir.2007), where several CSOs were terminated by MVM after they failed medical tests mandated by the Marshals Service. After the CSOs sued both the Marshals Service and MVM, the Marshals Service argued that it could not be held liable for MVM's independent decision to terminate the CSOs. We disagreed, holding that the Marshals Service's "determination that appellants were medically disqualified led directly to their termination." *Wilson*, 475 F.3d at 178 (citing *Greene v. McElroy*, 360 U.S. 474, 483, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959)).

Laffey's case differs significantly from *Wilson*, where MVM's decision ·to terminate the plaintiffs stemmed directly from their failure of medical tests required by the Marshals Service. *Id.* at 176. Indeed,

the *Wilson* plaintiffs' inability to pass the Marshals Service's medical tests prevented them from serving as "qualified" CSOs under the terms of the contract between the Marshals Service and MVM. *Id.* at 170–71. By contrast, Laffey alleged no facts which would establish a causal link between his suspension or demotion and the actions of any individual Marshals Service employee.

Finally, Laffey observes that several circuits recognize that in the § 1983 context, one can be held liable for a constitutional violation by "setting in motion" certain events which he knows or should know will result in a constitutional violation. *See, e.g., Sales v. Grant*, 158 F.3d 768, 776 (4th Cir.1998). Laffey asks us to adopt and apply a similar standard in this *Bivens* action and to find that Rackley, Plousis, and Elcik are liable because "they pressured MVM into disciplining Laffey...." We have yet to apply such a standard in cases arising under § 1983, much less in the context of a *Bivens* action. Furthermore, we are hesitant to adopt this standard following *Iqbal*, a *Bivens* action in which the Supreme Court emphasized "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948 (emphasis added). And finally, although Laffey argues that Plousis, Rackley, and Elcik "pressured" MVM into disciplining him, his complaint alleges insufficient facts to support such an inference.

In sum, the District Court did not err because Laffey failed to allege facts sufficient to demonstrate that any individual Marshals Service defendant was responsible for his demotion or suspension.

**B.**

Laffey also challenges the District Court's denial of his motion for leave to amend to allege that he was denied pro-

motion to the vacant LCSO position in retaliation for his opposition to the Torriero transfer and to add Elcik, a Marshals Service employee, as a defendant. We conclude that the District Court's refusal to allow Laffey to amend his complaint was not an abuse of discretion. As discussed previously, Laffey failed to allege sufficient facts to show that Elcik or any other Marshals Service employee was directly involved in MVM's decision to discipline him. *See* Part III.A, *supra.* Accordingly, any amendment adding Elcik as a defendant or alleging that MVM denied Laffey a promotion would have been futile.

*See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that leave to amend should be freely granted unless an amendment would be futile).

## IV.

For the foregoing reasons, we will affirm the District Court's judgment in all respects.